IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ABRAHAM HINOJOSA | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CAUSE NO. 7:17-cv-360 |
| | § | |
| GREAT LAKES REINSURANCE (U.K.) PLC | § | |
| | § | |
| *Defendant.* | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant GREAT LAKES INSURANCE SE (formerly known as Great Lakes Reinsurance (UK) PLC), in a cause styled *Abraham Hinojosa v. Great Lakes Insurance SE d/b/a Great Lakes Reinsurance (UK) PLC*, originally pending as Cause No. CL-17-1987-H in Hidalgo County Court at Law Number 8, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas, McAllen Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

**I.   NATURE OF THE PENDING STATE CASE**

1.   On or about August 4, 2017, Plaintiff *Abraham Hinojosa* ("Plaintiff") filed a civil action styled *Abraham Hinojosa v. Great Lakes Insurance SE d/b/a Great Lakes Reinsurance (UK) PLC*, under Cause No. CL-17-1987-H in Hidalgo County Court at Law Number 8.

2.   That matter is an insurance dispute wherein Plaintiff alleges in his Original Petition that his property, located at 809 East Solar Drive, Mission, Texas 78574, and insured

under an insurance policy issued by Defendant, sustained damage during a wind and hailstorm occurring on or about March 26, 2015. Plaintiff further alleges causes of action for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

3. Defendant has attached the documents required to be filed with this Notice of Removal.[1]

## II. JURISDICTION

4. Pursuant to 28 U.S.C. § 1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, McAllen Division, because it is the District and Division embracing the place where such action is pending. In support thereof, Defendant would show that this action is between citizens of different states, and the amount in controversy exceeds $75,000.00.

### A. Diversity of the Parties

5. Plaintiff's Original Petition confirms that he is a citizen of Texas.[2]

6. Plaintiff's Original Petition confirms that Defendant is not a citizen of Texas.[3] Additionally, Defendant is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230278. Defendant's registered office is at Königinstraße 107, 80802 Munich, Germany.

### B. Amount in Controversy

7. As demonstrated herein by a preponderance of the evidence, it is apparent from

---

[1] Plaintiff's Original Petition, attached hereto as Exhibit "A;" Proof of Service, attached hereto as Exhibit "B;" Defendant's Original Answer, attached hereto as Exhibit "C;" An Index of Matters Being Filed, attached hereto as Exhibit "D;" Copy of State Court Docket Sheet, attached hereto as Exhibit "D-1;" Copy of Process, attached hereto as Exhibit "D-2;" List of All Counsel of Record, attached hereto as Exhibit "D-3;" Civil Cover Sheet, attached hereto as Exhibit "D-4;" and Plaintiff's Demand Letter and Estimate, attached hereto as Exhibit "E."
[2] Exhibit A., at para. 1.
[3] *Id.*, at para. 2.

Plaintiff's pleadings and the summary judgment type evidence presented, that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

### a) The Fifth Circuit Standard

8. Subject to several exceptions, the sum demanded in good faith in a plaintiff's petition is generally deemed to be the amount in controversy.[4] One such exception is when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."[5] The Fifth Circuit has explicitly recognized the importance of this exception, and held that when a plaintiff pleads a specific sum (or a ceiling on damages "barely within the statutory limit")[6] below the jurisdictional minimum in contravention of state practice, "[s]uch manipulation is surely characterized as bad faith."[7]

9. In this type of situation, the amount pleaded by the plaintiff is no longer entitled to the deference of the general rule, and the removing defendant may demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[8] This can be accomplished by showing that it is apparent from the face of the plaintiff's petition that the claims are likely to exceed $75,000.00; or by providing "summary judgment-type evidence of facts in controversy" supporting the proposition that the jurisdictional minimum has been met.[9] To avoid removal, the plaintiff must then show that "as a matter of law,

---

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).
[5] 28 U.S.C. § 1446(c)(2)(A).
[6] *De Aguilar v. Boeing,* 47 F.3d 1404, 1408 (5th Cir. 1995).
[7] *Id.*, at 1410.
[8] *Id.*, at 1410-1411; 28 U.S.C. § 1446(c)(2).
[9] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674–75 (5th Cir. 2003).

it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[10]

### b) The Specific Damage Amount Pleaded by Plaintiff Contravenes State Practice in Bad Faith and does not Control the Amount in Controversy.

10. Texas law does not allow plaintiffs to plead specific amounts of damages, and instead requires that pleadings contain statements that the damages sought are within the jurisdictional limits of the state court, and that those damages fall within one or more allocated ranges of monetary value.[11] Here, Plaintiff has specifically pleaded that his damages do not exceed $75,000.00,[12] which both the Fifth Circuit and this Court have held to not be permitted under Texas state practice.[13] The specific amount of damages pleaded in Plaintiff's Original Petition is thus not entitled to the deference provided by § 1446(c)(2).

11. Because courts must consider the claims in the state court petition as they existed at the time of removal,[14] Plaintiff's attempt to circumvent Texas practice and Fifth Circuit precedent through a non-binding stipulation is equally ineffectual.[15] First, this stipulation violates Texas practice, which permits only "[n]otes, accounts, bonds, mortgages, records, [or] all other written instruments, constituting, in whole or in part, the claim sued on . . . may be made a part of the pleadings. . ." and in fact unequivocally states that "[n]o other instrument of writing shall be made an exhibit in the pleading."[16]

---

[10] *De Aguilar,* 47 F.3d at 1411.
[11] *See* TEX. R. CIV. P. 47(b)-(c).
[12] *See* Exhibit A, at para. 4.
[13] *See De Aguilar,* 47 F.3d at 1408; *Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963, at *2 (S.D. Tex. July 3, 2013).
[14] *Manguno*, 276 F.3d at 722.
[15] *See* Exhibit A, at p. 19; *see also Crixell v. Fid. Nat'l Ins. Co.*, No. 7:14-CV-169, 2014 WL 12605586, at *3 (S.D. Tex. May 19, 2014).
[16] TEX. R. CIV. P. 59

4

12.     Second, the substance of the stipulation directly contradicts Plaintiff's demand letter.[17] On October 28, 2016, Plaintiff send Defendant a letter demanding Defendant pay Plaintiff $91,203.88.[18] This amount was based upon an estimate prepared by Oscar Salinas, Jr., which totaled Plaintiff's actual damages to be $52,963.94.[19]

13.     Plaintiff's petition now seeks even more money because Plaintiff has sued Defendant for statutory interest,[20] treble damages under the DTPA and Texas Insurance Code,[21] exemplary damages under the Texas Civil Practice and Remedies Code,[22] and attorneys' fees under all of the foregoing.[23]

14.     As all of these damages are to be considered in ascertaining the amount in controversy,[24] the Fifth Circuit has agreed that similar "lengthy list[s] of compensatory and punitive damages . . . when combined with attorney's fees, would exceed $75,000."[25] Indeed, simple arithmetic shows that the amount sought by Plaintiff under the Texas Insurance Code alone well exceeds $100,000.00 as of the date of this Notice of Removal.[26] Plaintiff's Petition therefore clearly demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, and removal is thus proper.

---

[17] *See* Exhibit E, Plaintiff's Demand Letter and Estimate dated October 28, 2016 and incorporated herein by reference as if copied verbatim.
[18] *Id.*
[19] *Id.*
[20] *See St. Paul Reinsurance*, 134 F.3d at 1255 (Discussing the 18% per annum interest available under the Texas Insurance Code and holding that "[d]espite being described in terms of a per annum percentage for purposes of calculation, the statutory exaction here is not 'interest' within the contemplation of § 1332; it clearly is an element of damages."); *see also* Exhibit A, at paras. 13-14.
[21] *See* TEX. BUS. & COMM. CODE § 17.50(b)(1), and TEX. INS. CODE § 541.152(b), respectively; *see also* Exhibit A, at paras. 15-21.
[22] *See* TEX. CIV. PRAC. & REM. CODE §§ 41.001, *et seq.*; *see also* Exhibit A, at para. 21.
[23] *See* Exhibit A, at paras. 22-24.
[24] *See St. Paul Reinsurance*, 134 F.3d at 1253 ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs."); *Manguno*, 276 F.3d at 723.
[25] *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003).
[26] *See* Exhibits A and E.

15. Finally, in the event that the affidavit of Plaintiff's counsel were to overcome the procedural and substantive requirements above and become a properly incorporated document constituting the claim sued upon, it is still not binding upon Plaintiff. The affidavit's complete omission of any temporal scope for the purported damage limitations prevents it from binding Plaintiff to those limitations when Plaintiff is entitled to amend his pleadings at any time without leave of court until seven days before trial.[27]

16. Consequently, because state practice does not permit the specific damage amount pleaded in Plaintiff's Original Petition or the defective and contradictory affidavit of his counsel, Plaintiff's pleaded amount does not control and Defendant is entitled to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[28]

17. Defendant has met this burden by presenting the summary judgment-type evidence discussed above. The amount in controversy, therefore, meets and exceeds the requisite jurisdictional minimum of $75,000.00, making removal proper.[29] Because Plaintiff and Defendant are citizens of different states, and because Plaintiff seek to recover an amount exceeding $75,000 exclusive of interest and costs, removal is proper under 28 U.S.C. § 1332(a).

### III. TIMING OF REMOVAL

18. Plaintiff served Defendant by way of its registered agent on September 12, 2017.[30] Notice of Removal is being filed within 30 days of service of the petition upon Defendant's registered agent pursuant to 28 U.S.C. § 1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c).

---

[27] *See* Tex. R. Civ. P. 63; *see also Ford v. United Parcel Serv., Inc. (Ohio)*, 3:14-CV-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014), *motion to certify appeal denied sub nom. Ford v. United Parcel Serv., Inc.*, 3:14-CV-1872-D, 2014 WL 6491446 (N.D. Tex. Nov. 20, 2014) (holding that judicial admissions limiting damages "cease to be 'conclusive and indisputable judicial admissions' if [plaintiff] chooses to amend or supersede her petition, as the Texas rules give her considerable latitude to do.") (internal citations omitted).
[28] *See De Aguilar,* 47 F.3d at 1411; § 1446(c)(2).
[29] *See Manguno*, 276 F.3d at 723.
[30] *See* Exhibit B.

19. This Notice is therefore timely filed.

### IV. NOTICE TO ADVERSE PARTIES AND STATE COURT

20. As the removing parties, Defendant will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

21. Defendant will also file a copy of this Notice of Removal with Hidalgo County at Law Number 8, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

### V. ANSWER

22. Defendant filed its Answer in the state court action, as well as the Notice of Removal as required by the Federal Rules of Civil Procedure.

### VI. JURY DEMAND

23. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VII. CONCLUSION AND PRAYER

24. In light of the foregoing, Defendant respectfully removes this civil action styled *Abraham Hinojosa v. Great Lakes Insurance SE d/b/a Great Lakes Reinsurance (UK) PLC*, originally pending as Cause No. CL-17-1987-H in the Hidalgo County Court at Law Number 8.

25. Defendant prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted by,

*/s/ Les Pickett*
Les Pickett (Lead Counsel)
  Federal I.D. No. 14306
  State Bar No. 15980520
William D. Abbott
  Federal I.D. No. 2789456
  State Bar No. 24087069

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served on the following via electronic service on this 21st day of September, 2017:

Jose G. Gonzalez
LAW OFFICE OF JOSE G. GONZALEZ
2102 W. University Drive
Edinburg, Texas 78539

                                            */s/ William D. Abbott*
                                            Les Pickett
                                            William D. Abbott